UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED APR 16 2018 AT 8:30___M WILLIAM T. WALSH CLERK

NICHOLAS PURPURA,

        Plaintiff,

v.

GOV. PHILIP MURPHY, Assembly Pres.,
Senate Majority Leader LORETTA
WEINBERG individually and in official
capacity, and Senate legislatures, and John
& Jane Doe(s),

        Defendants.

Civ. Action No.: 18-7571-BRM-TJB

**MEMORANDUM ORDER**

**THIS MATTER** is before the Court on *pro se* Plaintiff Nicholas Purpura's ("Purpura") filing of a "memorandum in support of a motion for temporary restraining order [("TRO")] that warrants a summary judgment." (ECF No. 1.) Purpura's memorandum has been docketed as a complaint but will also be construed as a motion for a TRO and for summary judgment. Accompanying the memorandum is a proposed order, suggesting Purpura seeks an *ex parte* TRO and a hearing date for a preliminary injunction. (ECF No. 1-1.) However, it is unclear from Purpura's memorandum and proposed order what relief he seeks or why he is entitled to a TRO under Federal Rules of Civil Procedure.

Injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994) (internal quotation marks omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). To obtain a temporary restraining order or preliminary injunction, the moving party must show: "(1) a likelihood of success on the merits; (2) that [he] will suffer

1

irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc.*, 369 F.3d at 708. The movant bears the burden of showing these four factors weigh in favor of granting the injunction, and a failure to establish any one factor will render a preliminary injunction inappropriate. *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014); *NutraSweet Co. v. Vit–Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("[F]ailure to establish any element [of that test] renders a preliminary injunction inappropriate.").

Purpura's memorandum is replete with his interpretation of constitutional law, as well as case and statute quotations and citations. Its thirty-nine numbered paragraphs span several sections, which include "questions presented," "preliminary statement," "summary of complaint," and others. And while Purpura states that "'Summary Judgment' is applicable since no genuine issues of material fact exist regardless of how many arguments the Defendants attempt to make, whether on technicalities or contrivances" because "Defendants have no remedy in law" (ECF No. 1 ¶ 21), a plain reading of Purpora's memorandum reveals no allegations that would support *ex parte* injunctive relief or summary judgment.

Only two paragraphs in Purpura's memorandum provide the Court with some background, and even those allegations, to the extent they can be considered allegations, are vague. First, Purpura alleges his "*ex parte* request is urgent considering these six (6) unconstitutional pieces of legislation are due to be voted on today, by the New Jersey Senate." (ECF No. 1 at ¶ 39.) Second, he asks the Court:

> [w]hat legal authority grants the Legislature and/or Executive Branch permission to enact unconstitutional de facto legislation? Bills Al016, A1217, A2757, A2758, A2759, A2761, recently enacted by the Assembly of the State of New Jersey, make violation of these acts a criminal offense, subjecting law abiding citizens to incarceration and confiscation void due process.

2

(*Id.* at 2.) Purpura does not allege any additional details regarding the bills, the vote, the alleged violation of due process, or how he will suffer irreparable harm.

Quite simply, Purpura fails to meet his burden to show: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc.*, 369 F.3d at 708. Therefore, a TRO is not warranted and Purpura's motion for injunctive relief is **DENIED.**

Purpura's motion for summary judgment is also denied. Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment may only be granted if the movant shows "there is no genuine dispute as to any material fact." The movant must support that assertion by evidence and citations to the record. Fed. R. Civ. P. 56(c)(1). A motion failing to set forth the material facts not in dispute shall be dismissed. L.Civ.R. 56.1(a). Purpura repeatedly asks this Court to find no genuine issues of material fact exist, but does not set forth or provide support for those facts. Therefore, summary judgment is **DENIED WITHOUT PREJUDICE**.

Having reviewed Purpura's memorandum motion, for the reasons set forth above and for good cause appearing,

**IT IS** on this 16th day of April 2018,

**ORDERED** that Purpura's Motion is **DENIED**; and it is further

**ORDERED** that Purpura shall serve Defendants with a copy of his memorandum and this Court's Order within the time and in the manner set by the Federal Rules of Civil Procedure.

**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

3