# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS PURPURA, | |
| Plaintiff, | Civ. Action No.: 18-7571-BRM-TJB |
| v. | **MEMORANDUM ORDER** |
| GOV. PHILIP MURPHY, Assembly Pres., Senate Majority Leader LORETTA WEINBERG individually and in official capacity, and Senate legislatures, and John & Jane Doe(s), | |
| Defendants. | |

**THIS MATTER** is before the Court on *pro se* Plaintiff Nicholas Purpura's ("Purpura") Motion for "Reconsideration of 'Memorandum Order' Denying Summary Judgement [sic] & Temporary Restraining Order That Warranted A Summary Judgment." (ECF No. 6.)

Motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL174861, at *1 (D.N.J. Jan 13, 2010).[1] The comments to that Rule make clear, however, that "reconsideration is an extraordinary

---

[1] Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure, *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999), but are accepted in this District under the Local Civil Rules. Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). *Id.* For the same reasons that the State Defendants' motion is denied on the merits under the Local Rule, it is denied under the Federal Rules. *See Holsworth v. Berg*, 322 F. App'x 143 (3d Cir. 2009) (construing motion for reconsideration as the functional equivalent of a Rule 59(e) motion to alter or amend a judgment which requires either "(1) an intervening change in controlling law; (2) the availability of new

remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). The Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

The Court has reviewed the submissions filed in connection with the Motion and enters its decision without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

---

evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice").

**IT APPEARING THAT:**

1. On April 16, 2018, Purpura filed a "memorandum in support of a motion for temporary restraining order [("TRO")] that warrants a summary judgment," which was docketed as a complaint and construed by the Court as a motion for an *ex parte* TRO, preliminary injunction, and for summary judgment (ECF No. 1; *see* ECF No. 3);

2. The Court denied, on the same date, Purpura's motion for injunction relief and for summary judgment and ordered him to serve defendants (ECF No. 3);

3. On May 2, 2018, Purpura filed this Motion for Reconsideration of the Court's April 16, 2018 Order asserting reasons why he is entitled to the injunctive relief and summary judgment already denied;

4. In essence, Purpura attempts to relitigate his request for injunctive relief and summary judgment, but "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001));

5. The Court thoroughly reviewed and considered Purpura's memorandum and the arguments and cases cited therein and finds the record supports its April 16, 2018 Order.

Accordingly, for the reasons set forth above and for good cause appearing,

**IT IS** on this 31st day of January 2019,

**ORDERED** that Purpura's Motion (ECF No. 6) is **DENIED**.

/s/Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**